Filing # 26091341 E-Filed 04/14/2015 07:42:40 PM

THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN
AND FOR ORANGE COUNTY,
FLORIDA

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

     Plaintiff,

v.

PARK AVENUE AT METROWEST,
LTD., *et al.*

    Defendants.       /

    And successive actions.     /

Case No.: 48-2008-CA-008235-O
BUSINESS LITIGATION
DIVISION

## PLAINTIFF'S REPLY IN SUPPORT OF GARNISHMENT AGAINST NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COMPANY AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

In reply to Nationwide Property and Casualty Insurance Company and

Nationwide Mutual Insurance Company's (collectively "Nationwide") Answer and

Affirmative Defenses to Post-Judgment Writ of Garnishment ("Nationwide

Answer"), Hamptons at Metrowest Condominium Association, Inc. ("Plaintiff" or

the "Association"), responds as follows:

**1.**

Plaintiff contests and denies all contentions in Nationwide's Answer

indicating that Nationwide does not have property belonging to Defendant Park

1



Avenue at Metrowest, Ltd. ("PAM"). Specifically, Nationwide has insurance policies that provide coverage for PAM's liability.

**2.**

Nationwide is not entitled to attorney fees pursuant to Fla. Stat. §77.28. Florida law does not provide for attorney fees to a garnishee when the garnishee's contest of a garnishment proceeding is for the benefit of the garnishee and not the debtor/defendant.

**3.**

Plaintiff denies and contests Nationwide's Second, Tenth, and Fifteenth Defenses. PAM's liability has been established pursuant to the Consent Final Judgment. Plaintiff asserts Nationwide's insurance policies provide coverage for PAM's liability and Nationwide is liable for the $40,000,000 Judgment against PAM.

**4.**

Plaintiff denies and contest Nationwide's Eleventh and Twelfth Defenses. Nationwide breached the insurance contracts with PAM and therefore the policy provisions referenced are not applicable. PAM did not breach the provisions referenced and PAM was not required to obtain Nationwide's consent to settle. Plaintiff asserts Nationwide's insurance policies provide coverage for PAM's liability and Nationwide is liable for the $40,000,000 Judgment against PAM.

**5..**

Plaintiff denies and contests Nationwide's Seventeenth Defense. Plaintiff's agreement with Epoch Properties, Inc. has no bearing on Nationwide's coverage for PAM's liability.

**6.**

Plaintiff  moves to strike Nationwide's Sixteenth Defense as "abatement" is not an affirmative defense.

**7.**

Plaintiff moves to strike Nationwide's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, Fourteenth, Eighteenth, and "Reservation of Rights" Defenses. Florida law requires an affirmative defense to be pled with specificity. Zito v. Washington Federal Savings & Loan Assoc. of Miami Beach, 318 So.2d 175, 176 (Fla. 3d DCA 1975).  This is to reasonably inform the adversary and provide them with a fair opportunity to prepare a response.  Id. Affirmative defenses which are legally insufficient fail as a matter of law and should be stricken. Valdes v. Lambert, 568 So.2d 117, 118 (Fla. 5th DCA 1990)(affirmed trial court's striking affirmative defense of laches stating, "[t]he defense, as pled, was conclusory and set forth no ultimate facts showing that the plaintiff was barred by laches."); see also Zito, 318 So.2d at 176-77 (certainty is

3

required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate facts is legally insufficient).

Nationwide fails to allege any ultimate facts establishing the above referenced Defenses. As such, the conclusory statements are insufficient and said Defenses should be stricken.

Alternatively, if the Court denies Plaintiff's motion to strike, Plaintiff asserts the following:

**8.**

Plaintiff denies and contests Nationwide's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eighteenth, and "Reservation of Rights" Defenses. Specifically, Plaintiff asserts Nationwide's insurance policy provides coverage for PAM's liability and no policy exclusions or other policy defenses apply.

**9...**

Plaintiff denies and contests Nationwide's Fifth Defense. PAM's liability arises out of Epoch Properties, Inc.'s operations pursuant to Nationwide's policies and Florida law and is therefore covered by Nationwide's policies.

**10.**

Plaintiff denies and contests Nationwide's Thirteenth and Fourteenth Defenses.

## ADDITIONAL ALLEGATIONS IN SUPPORT OF
## WRIT OF GARNISHMENT

Pursuant to Fla. Stat. §77.061, Plaintiff provides the following additional allegations in support of its Writ of Garnishment:

### 11.

Plaintiff is a Florida corporation and has an office for the transaction of its usual and customary business in Orange County, Florida.

### 12.

Nationwide, on information and belief, is an Ohio company. Nationwide is an authorized insurance provider in Florida. As a condition of selling insurance in Florida, Nationwide has submitted to the jurisdiction of Florida courts. Nationwide has appointed the Chief Financial Officer of Florida as its resident agent for the purpose of receiving service of process.

### 13.

Plaintiff filed the present lawsuit against, among others, PAM. PAM was the developer of the Hamptons at Metrowest project located in Orlando, Florida.

### 14.

Nationwide issued an insurance policy (77 09 PR 590-327-0001) for the policy period 1/1/00 to 1/1/09 (the "Policy"). The Policy provides named insured coverage for Epoch Properties, Inc. The Policy specifically names PAM as an insured. According to the terms of the Policy, Nationwide agreed, among other

things, to defend its named insureds and insureds against any claim alleging property damage covered by the Policy and to pay those sums that the named insureds and insureds became legally obligated to pay because of property damage.

### 15.

The present lawsuit alleges that PAM's actions and/or omissions resulted in property damage to the Hamptons at Metrowest project. The allegations qualify as an "occurrence" as defined by the Policy. The allegations indicate that property damage occurred during Nationwide's policy period. The allegations triggered Nationwide's duty to defend PAM.

### 16..

Nationwide received timely tender of the claims against PAM. Nationwide accepted the defense only of PAM on February 11, 2011. Nationwide unambiguously informed PAM that Nationwide would not be paying any indemnity on behalf of PAM.

### 17.

Because one or more of PAM's carriers denied coverage, including Nationwide, PAM reasonably resolved its liability by way of a *Coblentz* settlement agreement. According to the terms of the agreement, Plaintiff was entitled to a $40,000,000 consent judgment against PAM. A Consent Final Judgment was entered against PAM and in favor of Plaintiff in the amount of $40,000,000.

**18..**

Based on the allegations in the complaint, the settlement agreement entered into by PAM, and the facts supporting both, PAM's liability arises out of the operations of Epoch Properties, Inc. and Nationwide, therefore, has a duty to indemnify PAM.

**19.**

Pursuant to Fla. Stat. 77.08, Plaintiff requests a jury trial on all issues triable to a jury.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

**20.**

Plaintiff realleges paragraph 11-19 above.

**21.**

Nationwide breached its contract by refusing to indemnify PAM.  PAM has complied with and satisfied all conditions precedent in the Policy (if any), except any that were excused, waived, or that do not need to be performed because Nationwide will not be prejudiced by non-performance.

**22.**

As a result of Nationwide's breach of the duty to indemnify, Plaintiff is entitled to the total policy limits of the Policy. On information and belief, the Policy has $11,000,000 in coverage limits.

**23.**

Nationwide's breach of contract has compelled Plaintiff to commence these garnishment proceedings and to incur attorney fees in order to obtain the full benefit of the insurance policies. Pursuant to the terms of the settlement agreement, Plaintiff is entitled to its attorney fees pursuant to Fla. Stat. §627.428.

WHEREFORE, Plaintiff prays for judgment against Nationwide Property and Casualty Insurance Company and Nationwide Mutual Insurance Company as follows:

(a)     The total policy limits available under the Policy;

(b)     Plaintiff's attorney fees and costs;

(c)     Any other relief the court deems just and/or equitable.

## SECOND CLAIM FOR RELIEF
### (BAD FAITH)

**24.**

Plaintiff realleges paragraphs 9-23 above.

**25.**

Nationwide committed bad faith and/or breached the duty of good faith and fair dealing by wrongfully denying coverage. Nationwide was obligated to resolve, or attempt to resolve, PAM's liability once liability became reasonably clear. Nationwide attended the mediations in this lawsuit. Nationwide made no effort to resolve the claims against PAM. Nationwide did not offer any funds to settle

8

PAM's liability.  Nationwide refused to litigate the coverage issues before the entry of a $40,000,000 excess judgment was entered against its insured, PAM.

**26.**

Because of Nationwide's bad faith, PAM is exposed to a $40,000,000 excess judgment and suffered consequential damages resulting therefrom. Plaintiff is entitled to recover $40,000,000 on behalf of PAM.

**27.**

Nationwide's bad faith has compelled Plaintiff to commence these garnishment proceedings and to incur attorney fees in order to obtain the full benefit of the insurance policies. Pursuant to the terms of the settlement agreement, Plaintiff is entitled to its attorney fees pursuant to Fla. Stat. §627.428.

WHEREFORE, Plaintiff prays for judgment against Nationwide Property and Casualty Insurance Company and Nationwide Mutual Insurance Company as follows:

(a)    $40,000,000 for PAM's liability;

(b)    Consequential damages and all other damages permissible under law;

(c)    Plaintiff's attorney fees and costs; and

(d)    Any other relief the court deems just and/or equitable.

DATED: April 14, 2015.

9

BALL JANIK LLP,

By: /s/ Jon Marshall Oden
    Jon Marshal Oden, FBN: 38172
    Kelly M. Corcoran, FBN: 55564
    Ball Janik, LLP
    201 E. Pine Street, Suite 825
    Orlando, FL 32801
    Telephone:  (407) 455-5664
    Facsimile:   (407) 902-2105
    E-mail:       joden@balljanik.com
    E-mail:       kcorcoran@balljanik.com

    Admitted *pro hac vice:*
    James C. Prichard, PHV No. 75597
    Phillip E. Joseph, PHV No. 75599
    101 SW Main Street, Suite 1100
    Portland, OR 97204
    Telephone:    (503) 228-2525
    Facsimile:     (503) 295-1058
    E-Mails:       jprichard@balljanik.com
                 pjoseph@balljanik.com

ALAN B. GARFINKEL, P.A., d/b/a KATZMAN
GARFINKEL, P.A.
    Alan B. Garfinkel, FL ID No. 813796
    Mitchell B. Haller, FL ID No. 511961
    5297 West Copans Road
    Margate, FL 33063
    Telephone:    (954) 486-7774
    Facsimile:     (954) 486-7782
    E-mails:        mhaller@kgblawfirm.com
                 agarfinkel@askthefirm.com
                  lnitsch@kglawfirm.com
efabricant@kgblawfirm.com

*Counsel for* PLAINTIFF HAMPTONS AT
METROWEST CONDOMINIUM
ASSOCIATION, INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing has been served upon the <u>ECF</u> <u>Participants</u> via:

⊠   E-mail (to those with email addresses listed below)

☐   Overnight delivery

I further certify that a true copy of the foregoing was provided to the <u>Non-ECF Participants</u> via:

⊠   First Class U.S. Mail

☐   Overnight delivery

all of whom are listed in the Service List below.

DATED: <u>April 14, 2015</u>.

By:  /s/ Jon Marshall Oden
    Jon Marshall Oden, FBN: 38172
    Kelly M. Corcoran, FBN: 55564
    Ball Janik, LLP
    201 E. Pine Street, Suite 825
    Orlando, FL 32801
    Telephone:  (407) 455-5664
    Facsimile:   (407) 902-2105
    E-mail:      joden@balljanik.com
    E-mail:      kcorcoran@balljanik.com

    Admitted *pro hac vice:*
    James C. Prichard, PHV No. 75597
    Phillip E. Joseph, PHV No. 75599
    101 SW Main Street, Suite 1100
    Portland, OR 97204
    Telephone:   (503) 228-2525
    Facsimile:    (503) 295-1058
    E-Mails:      jprichard@balljanik.com
               pjoseph@balljanik.com

ALAN B. GARFINKEL, P.A., d/b/a KATZMAN
GARFINKEL, P.A.
    Mitchell B. Haller, FL ID No. 511961
    5297 W Copans Road
    Margate, FL 33063
    Telephone:  (954) 486-7774
    Facsimile:  (954) 486-7458
    E-mail:  mhaller@kgblawfirm.com
        lnitsch@kgblawfirm.com
*Counsel for* PLAINTIFF HAMPTONS AT
METROWEST CONDOMINIUM
ASSOCIATION, INC.

## SERVICE LIST

Mitchell B. Haller, Esq.
Alan B. Garfinkel, P.A., d/b/a Katzman
Garfinkel, P.A.
5297 W Copans Rd
Margate, FL 33063-7706
(954) 486-7774
(954) 486-7458 f
mhaller@kgblawfirm.com
lnitsch@kgblawfirm.com

Attorneys for Hamptons at Metrowest
Condominium Association, Inc.; Park
Avenue at Metrowest, Ltd; Epoch
Management, Inc.

Melissa Sims, Esq.
William Zanttopoulos, Esq.
Berk, Merchant & Sims
2 Alhambra Plaza
Suite 700
Coral Gables, FL 33134
(786) 338-2900
(786) 338-2888
msims@berklawfirm.com
wxanttopoulos@berklawfirm.com

Counsel for Nationwide Property Casualty
Ins. Co and Nationwide Mutual Ins. Co.

12

Maureen G. Pearcy, Esq.
Hinshaw & Culbertson
2525 Ponce de Leon Boulevard, 4th
Floor, Coral Gables, FL 33134
Tel: 305-358-7747
Fax: 305-577-1063
mpearcy@hinshawlaw.com

Attorneys for Great American Insurance
Company

13