UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:15cv-753-O/1-22KRS

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

Plaintiff/Garnishor,

v.

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY and NATIONWIDE
MUTUAL INSURANCE COMPANY,

Defendants/Garnishees.

_____/

NOTICE OF FILING AND INDEX TO DOCUMENTS FROM THE STATE COURT
ACTION FILED PURSUANT TO 28 U.S.C. 1446(a) and M.D. FLA. LOCAL RULE 4.02

Defendants/Garnishees hereby file the following index to those documents from

the state court file pertaining to the garnishment proceeding which is the subject of this

Notice of removal:

a.      Summons and Post-Judgment Writ of Garnishment served on

Nationwide Property and Casualty Insurance Company

b.      Summons and Post-Judgment Writ of Garnishment served on

Nationwide Mutual Insurance Company

c.      Nationwide's Answer and Affirmative Defenses to Post-Judgment

Writs of Garnishment and Demand for Garnishees' Costs and Expenses, Including a

Reasonable Attorney Fee, and Garnishment Deposits ("Nationwide's Answer").

d.      Plaintiff's Notice of Compliance with Florida Statute 77.055

e.      Plaintiff's Reply in support of garnishment against Nationwide Property and Casualty Insurance Company and Nationwide Mutual Insurance Company and Motion to Strike Affirmative Defenses ("Hamptons' Reply").

f.      Notice to State Court of Removal.

DATED: this 11th day of May, 2015.

Respectfully submitted,

BERK, MERCHANT & SIMS, PLC

Melissa M. Sims / FBN: 85936
msims@berklawfirm.com
dalvarez@berklawfirm.com
William Xanttopoulos / FBN: 0997668
wxanttopoulos@berklawfirm.com
falvarez@berklawfirm.com
Perdita M. Martin / FBN: 855111
pmartin@berklawfirm.com
Ldellutri@berklawfirm.com
2 Alhambra Plaza, Suite 700
Coral Gables, FL  33134
Tel: (786) 338-2900/Fax:(786) 338-2888
*Counsel for Garnishee, Nationwide Property Casualty Ins. Co. and Nationwide Mutual Ins. Co.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff via e-mail in accordance with the Federal Rules of Civil Procedure, on this 11th day of May, 2015 as follows:

Jon Marshall Oden, Esq., FBN: 0038172
joden@balljanik.com
Kelly M. Corcoran, Esq., FBN: 55564
kcorcoran@balljanik.com
ddrake@balljanik.com; nanderson@balljanik.com
BALL JANIK, LLP
201 E. Pine Street, Suite 825
Orlando, Florida 32801
Tel: (407) 455-5664/Fax: (407) 902-2015
*Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

James C. Prichard, Esq., OSB No.: 99349
jprichard@balljanik.com
Phillip E. Joseph, Esq., OSB No.: 882372
pjoseph@balljanik.com
Jacob A. Zahniser, Esq., OSB No.: 085210
jzahniser@balljanik.com
**BALL JANIK, LLP**, admitted *pro hac vice*
101 SW Main Street, Suite 1100
Portland, OR 97204
Tel: (503) 228-2525/Fax:(503) 295-1058
***Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.***

Alan B. Garfinkel, Esq., FBN: 813796
agarfinkel@askthefirm.com
Mitchell B. Haller, Esq., FBN: 511961
mhaller@kgblawfirm.com
**KATZMAN GARFINKEL BERGER**
300 North Maitland Avenue
Maitland, Florida 32751-4724
Tel: (407) 539-3900/Fax: (407) 539-0211
***Co-Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.***

_____
Melissa M. Sims



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
**Transmittal Number: 13543861**
Date Processed: 03/09/2015

| | |
|---|---|
| **Primary Contact:** | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Rebecca Lewis<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number 3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company |
| **Title of Action:** | Hamptons at Metrowest Condominium Association, Inc. vs. Park Avenue at Metrowest, Ltd |
| **Document(s) Type:** | Judgment |
| **Nature of Action:** | Garnishment/Withholding |
| **Court/Agency:** | Orange County Circuit Court, Florida |
| **Case/Reference No:** | 48-2008-CA-008235-0 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 03/09/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Secretary of State on 03/05/2015 |
| **How Served:** | Electronic SOP |
| Sender Information: | Tiffany Moore Russell<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



**EXHIBIT**

tabbies

9



CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA



15-026626

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC

PLAINTIFF(S),

VS.

PARK AVENUE AT METROWEST,
LTD, ETAL

DEFENDANT(S).

_____/

POST-JUGMENT WRIT OF GARNISHMENT,

CASE #:     **48-2008-CA-008235-O**
COURT:     **CIRCUIT COURT**
COUNTY:  **ORANGE COUNTY**
DFS-SOP#: **15-026626**

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on the 5th day of March, 2015 and a copy was forwarded by Electronic Delivery on the 9th day of March, 2015 to the designated agent for the named entity as shown below.

NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY
LYNETTE COLEMAN
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JAMES C. PRICHARD
BALLJANIK LLP                                                             CYA
SUITE 825
201 E. PINE STREET
ORLANDO FL 32801

Filing # 24181630 E-Filed 02/25/2015 11:52:31 AM

THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

PARK AVENUE AT METROWEST,
LTD., *et al.*,

Defendants.

And successive actions.

Case No.: 48-2008-CA-008235-O
BUSINESS LITIGATION
DIVISION

Served:  3-5-15  1:30

Herman Mathers
Sp ecial Process Server #2
Leon County, Florida

Served: _____

Date: _____ Time: _____

Server: _____

Certified/Special Process Server # _____

## POST-JUDGMENT WRIT OF GARNISHMENT

THE STATE OF FLORIDA:

YOU ARE COMMANDED to summon garnishee, Nationwide Property and Casualty Insurance Company, c/o Florida Chief Financial Officer as Registered Agent, 200 East Gaines Street, Tallahassee, FL 32399-4201 to serve an answer to this writ on James C. Prichard, Plaintiff's attorney, whose address is Ball Janik LLP, 201 E. Pine Street, Suite 825, Orlando, FL 32801 within twenty (20) days after service on the garnishee, exclusive of the day of service, and to file the original with the Clerk of the Court either before service on the attorney(s) or immediately thereafter, stating whether the garnishee is indebted to defendant Park Avenue at Metrowest, Ltd. at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the defendant the garnishee has in his possession or control at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the defendant or who may have any of the property of the defendant in its possession or control. The amount set in the plaintiff's motion is $40,000,000 plus interest and costs of the proceeding.

SERVED ON DEFENDANT

2015 MAR -9  AH

FLORIDA DEP
OF FINANCIAL SE
563302

2015 MAR -5  AM 8: 45

DATED: ___March 3_____ , 2015

Tiffany Moore Russell

Clerk of the Circuit Court

[seal]



By:

s/ James R. Stoner, Deputy Clerk
2015.03.03 14:34:42 -05'00'

Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

2



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

null / ALL
**Transmittal Number: 13543917**
**Date Processed: 03/09/2015**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Rebecca Lewis<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number 3277054 |
| **Entity Served:** | Nationwide Mutual Insurance Company |
| **Title of Action:** | Hamptons at Metro West Condominium Association, Inc vs. Park Avenue at Metro West, Ltd |
| **Document(s) Type:** | Garnishment/Withholding |
| **Nature of Action:** | Garnishment/Withholding |
| **Court/Agency:** | Orange County Circuit Court, Florida |
| **Case/Reference No:** | 48-2008-CA-008235-O |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 03/09/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL CFO on 03/05/2015 |
| **How Served:** | Electronic SOP |
| Sender Information: | James C. Prichard<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



EXHIBIT

b



CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA



15-026627

| | |
|---|---|
| HAMPTONS AT METROWEST CONDOMINIUM ASSOCIATION, INC | CASE #:  48-2008-CA-008235-O |
| | COURT:  CIRCUIT COURT |
| | COUNTY:  ORANGE COUNTY |
| PLAINTIFF(S), | DFS-SOP#: 15-026627 |

VS.

PARK AVENUE AT METROWEST. LTD
ETAL

DEFENDANT(S).

_____ /

POST-JUGMENT WRIT OF GARNISHMENT,

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by PROCESS SERVER
on the 5th day of March, 2015 and a copy was forwarded by Electronic Delivery on the 9th day
of March, 2015 to the designated agent for the named entity as shown below.

NATIONWIDE MUTUAL INSURANCE COMPANY
LYNETTE COLEMAN
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Jeff Atwater*

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JAMES C. PRICHARD
BALLJANIK LLP                                                    CYA
SUITE 825
201 E. PINE STREET
ORLANDO FL 32801

Filing # 24181630 E-Filed 02/25/2015 11:52:31 AM

THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

      Plaintiff,

v.

PARK AVENUE AT METROWEST,
LTD., *et al.*,

    Defendants.    /

    And successive actions.   /

Case No.: 48-2008-CA-008235-O
BUSINESS LITIGATION
DIVISION

*Served* on 3-5-15 1:30 P.

Herman Matthers
Special Process Server #2
Leon County, Florida

Served: _____

Date: _____ Time: _____

Server: _____

Certified/Special Process Server # _____

## POST-JUDGMENT WRIT OF GARNISHMENT

THE STATE OF FLORIDA:

    YOU ARE COMMANDED to summon garnishee, Nationwide Mutual Insurance Company, c/o Florida Chief Financial Officer as Registered Agent, 200 East Gaines Street, Tallahassee, FL 32399-4201 to serve an answer to this writ on James C. Prichard, Plaintiff's attorney, whose address is Ball Janik LLP, 201 E. Pine Street, Suite 825, Orlando, FL 32801 within twenty (20) days after service on the garnishee, exclusive of the day of service, and to file the original with the Clerk of the Court either before service on the attorney(s) or immediately thereafter, stating whether the garnishee is indebted to defendant Park Avenue at Metrowest, Ltd. at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the defendant the garnishee has in his possession or control at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the defendant or who may have any of the property of the defendant in its possession or control. The amount set in the plaintiff's motion is $40,000,000 plus interest and costs of the proceeding.

SERVED ON DEFENDANT
2015 MAR -9  AM 7:35
FLORIDA DEPARTMENT
OF FINANCIAL SERVICES

DATED: _____MARCH 3_____, 2015

Tiffany Moore Russell

Clerk of the Circuit Court

[seal]



By:  s/ James R. Stoner, Deputy Clerk
2015.03.03 14:32:00 -05'00'

Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

2

Filing # 25291057 E-Filed 03/25/2015 10:49:11 AM

IN THE CIRCUIT COURT OF THE 9TH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

BUSINESS LITIGATION DIVISION

CASE NO.:  48-2008-CA-008235-0

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

      Plaintiff,

v.

PARK AVENUE AT METROWEST,
LTD., et al.,

      Defendants.

_____/

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

      Plaintiff/Garnishor,

v.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
AND NATIONWIDE MUTUAL INSURANCE
COMPANY,

      Garnishees.

_____/

## GARNISHEES' ANSWER AND AFFIRMATIVE DEFENSES TO POST-JUDGMENT WRITS OF GARNISHMENT AND DEMAND FOR GARNISHEES' COSTS AND EXPENSES, INCLUDING A REASONABLE ATTORNEY FEE, AND GARNISHMENT DEPOSITS

Garnishees, Nationwide Property and Casualty Insurance Company and

Nationwide Mutual Insurance Company ("Nationwide"),[1] pursuant to Fla. Stat. §§ 77.06

_____

[1] The Court issued separate, but identical, post-judgment writs of garnishment to Nationwide Property

BERK, MERCHANT & SIMS
PL.

2 ALHAMBRA PLAZA, SUITE 700 • CORAL GABLES, FLORIDA 33134 • PHONE: 786.338.2900 • FAX: 786.338.2888

**EXHIBIT**

*C*

and 77.28, hereby (1) file their Answer and Defenses to the Post-Judgment Writs of Garnishment served on March 9, 2015 ("Writs"), and (2) demand their costs and expenses, including a reasonable attorney fee, and Garnishment Deposits, and state:

## ANSWER TO WRIT AND
## DEMAND FOR COSTS AND EXPENSES AND GARNISHMENT DEPOSITS

1.    At the time of this Answer, at the time of service of the Writs, or at any time between such times, Nationwide were not indebted to Defendant, Park Avenue at Metrowest, Ltd. ("PAM").

2.    Nationwide have no tangible or intangible property or personal property of PAM in their possession or control at the time of this Answer or at the time of service of the Writs, or at any times between such times.

3.    Nationwide know of no other person indebted to the PAM or who may have any of the property of PAM in its possession or control.

4.    Nationwide have retained the law firm of Berk, Merchant & Sims, PLC to represent them in this matter and request that they be paid their costs and expenses, including a reasonable attorney fee, as allowed by Fla. Stat. § 77.28.

5.    Nationwide also request, pursuant to Fla. Stat. § 77.28, that Plaintiff pay the undersigned counsel all applicable $100.00 garnishment deposits for each Writ made by Plaintiff in the above-styled cause and make check payable to Berk, Merchant & Sims, PLC at the undersigned address.

---

Casualty and Insurance Company and Nationwide Mutual Insurance Company, which entities are both represented by the undersigned counsel. This Answer responds to both Writs.

BERK, MERCHANT & SIMS
PLC

2 ALHAMBRA PLAZA, SUITE 700 • CORAL GABLES, FLORIDA 33134 • PHONE: 786.338.2900 • FAX: 786.338.2888

## DEFENSES TO WRIT

Nationwide state the following defenses to the Writs without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff, and reserving the right to amend and/or supplement their response to the Writs, as well as the below avoidances and defenses, as additional information is obtained through any discovery process or otherwise.

### *First Defense*

Nationwide provided general liability coverage for named insured Epoch Properties Inc. ("Epoch") under policy number 77 09 PR 590-327-0001, with effective dates from January 1, 2000 through January 1, 2009. (Hereinafter "Nationwide Policies") To the extent PAM was an insured under the Nationwide Policies, there is no coverage under the Nationwide Policies for any liability of PAM to Plaintiff. As a result Garnishees are not indebted to PAM.

### *Second Defense*

PAM did not commit acts alleged in the Seventh Amended Complaint necessary and sufficient to establish the liability of PAM to Hamptons. Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon the claims alleged in the Seventh Amended Complaint. As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of Garnishment.

### *Third Defense*

The damages claimed by Hamptons, in whole, or, in part, do not constitute "property damage" under the Nationwide Policies. Therefore, Nationwide had no duty to

indemnify PAM for any liability predicated upon those damages.

### *Fourth Defense*

Any liability of PAM to Hamptons is not within coverage under the Nationwide Policies to the extent that the liability was imposed for damages which resulted from an occurrence which did not take place within a period for which there was coverage Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those damages.

### *Fifth Defense*

Any liability of PAM to Hamptons is not within coverage under the Nationwide Policies to the extent that the liability was imposed for damages which did not arise from the operations of Epoch. Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those damages.

### *Sixth Defense*

Any liability of PAM to Hamptons for damage to the real property on which Epoch was directly or indirectly performing operations, and which arose from those operations, is excluded from coverage under the Nationwide Policies. Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those damages.

### *Seventh Defense*

Any liability of PAM to Hamptons for the particular part of property which needed to be restored repaired or replaced because "your work" was incorrectly performed on it is excluded from coverage under the Nationwide Policies. Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon the cost of such restoration

repair or replacement.

### *Eighth Defense*

Any liability of PAM to Hamptons for "Property Damage" to "your work" "arising out of it or any part of it and included in the products completed operations hazard" is excluded from coverage under the Nationwide Policies.  Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those damages.

### **Ninth Defense**

There is no coverage under the Nationwide Policies for any liability imposed on PAM for those causes of action alleged in the Seventh Amended Complaint filed by Hamptons, or identified in the settlement agreement between PAM and Hamptons ("PAM Settlement Agreement"), or in the consent judgment entered against PAM ("Consent Judgment").  Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those causes of action.

### *Tenth Defense*

As Nationwide provided a defense for PAM to the suit brought by Hamptons, the terms of the PAM Settlement Agreement and the resulting Consent Judgment do not establish the liability of PAM to Hamptons for purpose of imposing liability upon Nationwide to PAM under the Nationwide Policies.  As a result, Nationwide had no duty to indemnify PAM for any liability incurred by PAM as a result of the PAM Settlement Agreement or the Consent Judgment.

### *Eleventh Defense*

PAM is precluded from any recovery from Nationwide predicated upon the PAM

Settlement Agreement or resulting Consent Judgment under the "No Action Clause" contained in the Nationwide Policies.  As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of Garnishment.

### *Twelfth Defense*

PAM breached the cooperation clause contained in the Nationwide Policies by entering into the PAM Settlement Agreement without the consent of Nationwide.  PAM's actions materially prejudiced Nationwide, relieving Nationwide of any obligation to make payment to PAM under the Nationwide Policies.  As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of Garnishment.

### *Thirteenth Defense*

The $40,000,000 Consent Judgment agreed to by PAM and Hamptons under the terms of the PAM Settlement Agreement was not reasonable.  Nor was it reached in good faith.  As a result, the $40,000,000 Consent Judgment does not establish any liability of Nationwide to PAM.

### *Fourteenth Defense*

The PAM Settlement Agreement and the resulting $40,000,000 Consent Judgment fail to apportion the amount of damages attributable to any liability of PAM for which PAM may attempt to seek indemnity from Nationwide, as opposed to any liability for which there is no coverage under the Nationwide Policies, or for the amount of damages for which other parties, and not PAM, are responsible. The failure to have apportioned damages precludes any liability of Nationwide to PAM.  As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of

Garnishment.

### *Fifteenth Defense*

Nationwide is not liable to PAM because under the terms of the PAM Settlement Agreement, or otherwise, PAM has not, and cannot become legally obligated to pay any amounts to Hamptons for which it is entitled to indemnity from Nationwide. As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of Garnishment.

### *Sixteenth Defense*

PAM is not permitted to assert a claim against Nationwide for bad faith unless, or until coverage has been determined.  If it were to assert such a claim, it should be abated pending resolution of any coverage issue. As a result, Nationwide can have no debt to PAM predicated upon bad faith which could properly be the subject of the Writ of Garnishment.

### *Seventeenth Defense*

Under the terms of the settlement agreement entered into between Epoch and Hamptons ("Epoch Settlement Agreement") Hamptons is precluded from seeking recovery from Nationwide in relation to the Hamptons.   As a result, the terms of the Epoch Settlement Agreement preclude any recovery against Nationwide.

### *Eighteenth Defense*

Under the doctrine of Judicial Estoppel, PAM, and any assignee of PAM, are precluded from seeking indemnity from Nationwide based upon those causes of action as to which PAM previously moved for, and obtained, an order of dismissal or summary

judgment in its favor.

### *Reservation of Rights*

Nationwide reserve their right to amend these defenses to the extent allowable under Florida law. Nationwide also reserve their right to seek attorneys' fees, costs, and any other relief this Court deems necessary and just under the circumstances.

Respectfully submitted,

BERK, MERCHANT & SIMS, PLC

/s/Melissa M. Sims
Melissa M. Sims / FBN: 85936
msims@berklawfirm.com
dalvarez@berklawfirm.com
William Xanttopoulos / FBN: 0997668
wxanttopoulos@berklawfirm.com
falvarez@berklawfirm.com
Perdita M. Martin / FBN: 855111
pmartin@berklawfirm.com
Ldellutri@berklawfirm.com
2 Alhambra Plaza
Suite 700
Coral Gables, FL  33134
Tel: (786) 338-2900
Fax:(786) 338-2888
*Counsel for Garnishee, Nationwide*
*Property Casualty Ins. Co. and*
*Nationwide Mutual Ins. Co.*

### CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by and to the emails listed below as well as to the ones listed on the Court's e-Portal service list, on this 25th day of March 2015, to:

Jon Marshall Oden, Esq., FBN: 0038172
joden@balljanik.com
Kelly M. Corcoran, Esq., FBN: 55564
kcorcoran@balljanik.com
ddrake@balljanik.com
nanderson@balljanik.com
BALL JANIK, LLP
201 E. Pine Street, Suite 825
Orlando, Florida 32801
Tel: (407) 455-5664
Fax: (407) 902-2015
*Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

James C. Prichard, Esq., OSB No.: 99349
jprichard@balljanik.com
Phillip E. Joseph, Esq., OSB No.: 882372
pjoseph@balljanik.com
Jacob A. Zahniser, Esq., OSB No.: 085210
jzahniser@balljanik.com
BALL JANIK, LLP, admitted *pro hac vice*
101 SW Main Street, Suite 1100
Portland, OR 97204
Tel: (503) 228-2525
Fax:(503) 295-1058
*Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

Alan B. Garfinkel, Esq., FBN: 813796
agarfinkel@askthefirm.com
Mitchell B. Haller, Esq., FBN: 511961
mhaller@kgblawfirm.com
KATZMAN GARFINKEL BERGER
300 North Maitland Avenue
Maitland, Florida 32751-4724
Tel: (407) 539-3900
Fax: (407) 539-0211
*Co-Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

*/s/Melissa M. Sims*
MELISSA M. SIMS

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN
AND FOR ORANGE COUNTY, FLORIDA

HAMPTONS AT METROWEST      Case No.: 48-2008-CA-008235-O
CONDOMINIUM ASSOCIATION, INC.,    BUSINESS LITIGATION
                                     DIVISION

       Plaintiff,

v.

PARK AVENUE AT METROWEST,
LTD., *et al.,*

       Defendants.             /

       And successive actions.      /

## **NOTICE OF COMPLIANCE WITH FLORIDA STATUTE 77.055**

Plaintiff/Judgment Creditor HAMPTONS AT METROWEST CONDOMINIUM ASSOCIATION, INC., by and through its undersigned attorney, hereby gives notice to this Honorable Court and to all parties that it has complied with Florida Statute 77.055 as applicable to this case. Specifically, Judgment Creditor states:

1) The Garnishees NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY and NATIONWIDE MUTUAL INSURANCE COMPANY ("NATIONWIDE") answered the Writ of Garnishment on March 25, 2015. The answer was received by Plaintiff's counsel on March 25, 2015. A copy of the Garnishee's Answer is attached to this Notice as Exhibit "A".



2)   To defend the Garnishment, Defendant PARK AVENUE AT METROWEST, LTD is hereby put on notice that it must move to dissolve the Writ of Garnishment, pursuant to Section 77.07(2), Florida Statutes, within twenty (20) days after the date on the certificate of service of this Notice, exclusive of the date of service, if any allegation in the Motion for Issuance of Post judgment Writ of Garnishment is untrue.  In the event that Defendant moves to dissolve the Writ, it must serve a copy of its Motion on the undersigned attorney at 201 East Pine Street, Suite 825, Orlando, Florida  32801 and on the Garnishee's attorney. Defendant also must file its original Motion with the Clerk of this Court either before service on the attorneys or immediately thereafter.

DATED: April 1, 2015.

BALL JANIK LLP,

By: /s/ Kelly M. Corcoran, Esq.
Kelly M. Corcoran, FBN: 55564
Jon Marshal Oden, FBN: 38172
Ball Janik, LLP
201 E. Pine Street, Suite 825
Orlando, FL 32801
Telephone:  (407) 455-5664
Facsimile:   (407) 902-2105
E-mail:      joden@balljanik.com
E-mail:      kcorcoran@balljanik.com

Admitted *pro hac vice:*
James C. Prichard, PHV No. 75597
Phillip E. Joseph, PHV No. 75599
101 SW Main Street, Suite 1100

Portland, OR 97204
Telephone:    (503) 228-2525
Facsimile:    (503) 295-1058
E-Mails:      jprichard@balljanik.com
              pjoseph@balljanik.com

ALAN B. GARFINKEL, P.A., d/b/a KATZMAN
GARFINKEL, P.A.
   Alan B. Garfinkel, FL ID No. 813796
   Mitchell B. Haller, FL ID No. 511961
   5297 West Copans Road
   Margate, FL 33063
   Telephone:    (954) 486-7774
   Facsimile:    (954) 486-7782
   E-mails:      mhaller@kgblawfirm.com
                 agarfinkel@askthefirm.com
                 lnitsch@kgblawfirm.com
efabricant@kgblawfirm.com

*Counsel for* HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC. and
PARK AVENUE AT METROWEST, LTD.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served upon the <u>ECF Participants</u> via:

☒   E-mail (to those with email addresses listed below)

☐   Overnight delivery

I further certify that a true copy of the foregoing was provided to the <u>Non-ECF Participants</u> via:

☒   First Class U.S. Mail

☐   Overnight delivery

all of whom are listed in the Service List below.

DATED: <u>April 1, 2015</u>.

BALL JANIK LLP,

By: <u>/s/ Kelly M. Corcoran, Esq.</u>
    Kelly M. Corcoran, FBN: 55564
    Jon Marshal Oden, FBN: 38172
    Ball Janik, LLP
    201 E. Pine Street, Suite 825
    Orlando, FL 32801
    Telephone: (407) 455-5664
    Facsimile:  (407) 902-2105
    E-mail:     joden@balljanik.com
    E-mail:     kcorcoran@balljanik.com

    Admitted *pro hac vice:*
    James C. Prichard, PHV No. 75597
    Phillip E. Joseph, PHV No. 75599
    101 SW Main Street, Suite 1100
    Portland, OR 97204
    Telephone:    (503) 228-2525
    Facsimile:    (503) 295-1058

E-Mails:    jprichard@balljanik.com
pjoseph@balljanik.com

ALAN B. GARFINKEL, P.A., d/b/a KATZMAN
GARFINKEL, P.A.
    Alan B. Garfinkel, FL ID No. 813796
    Mitchell B. Haller, FL ID No. 511961
    5297 West Copans Road
    Margate, FL 33063
    Telephone:    (954) 486-7774
    Facsimile:    (954) 486-7782
    E-mails:    mhaller@kgblawfirm.com
        agarfinkel@askthefirm.com
        lnitsch@kglawfirm.com
efabricant@kgblawfirm.com

*Counsel for* HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC. and
PARK AVENUE AT METROWEST, LTD.

## SERVICE LIST

Mitchell B. Haller, Esq.
Alan B. Garfinkel, P.A., d/b/a Katzman
Garfinkel, P.A.
5297 W Copans Rd
Margate, FL 33063-7706
(954) 486-7774
(954) 486-7458 f
mhaller@kgblawfirm.com
lnitsch@kgblawfirm.com

Attorneys for Hamptons at Metrowest
Condominium Association, Inc.; Park
Avenue at Metrowest, Ltd; Epoch
Management, Inc.

Maureen G. Pearcy, Esq.
Hinshaw & Culbertson
2525 Ponce de Leon Boulevard, 4th
Floor, Coral Gables, FL 33134
Tel: 305-358-7747
Fax: 305-577-1063
mpearcy@hinshawlaw.com

Attorneys for Great American Insurance
Company

Melissa Sims, Esq.
William Zanttopoulos, Esq.
Berk, Merchant & Sims
2 Alhambra Plaza
Suite 700
Coral Gables, FL 33134
(786) 338-2900
(786) 338-2888
msims@berklawfirm.com
wxanttopoulos@berklawfirm.com

Counsel for Nationwide Property Casualty
Ins. Co and Nationwide Mutual Ins. Co.

Filing # 25291057 E-Filed 03/25/2015 10:49:11 AM

IN THE CIRCUIT COURT OF THE 9TH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

BUSINESS LITIGATION DIVISION

CASE NO.:  48-2008-CA-008235-0

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

      Plaintiff,

v.

PARK AVENUE AT METROWEST,
LTD., et al.,

      Defendants.

_____/

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

      Plaintiff/Garnishor,

v.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
AND NATIONWIDE MUTUAL INSURANCE
COMPANY,

      Garnishees.

_____/

### GARNISHEES' ANSWER AND AFFIRMATIVE DEFENSES TO POST-JUDGMENT WRITS OF GARNISHMENT AND DEMAND FOR GARNISHEES' COSTS AND EXPENSES, INCLUDING A REASONABLE ATTORNEY FEE, AND GARNISHMENT DEPOSITS

      Garnishees, Nationwide Property and Casualty Insurance Company and

Nationwide Mutual Insurance Company ("Nationwide"),[1] pursuant to Fla. Stat. §§ 77.06

_____

[1] The Court issued separate, but identical, post-judgment writs of garnishment to Nationwide Property



BERK, MERCHANT & SIMS

2 ALHAMBRA PLAZA, SUITE 700 • CORAL      **EXHIBIT**      86.338.2900 • FAX: 786.338.2888

**A**