and 77.28, hereby (1) file their Answer and Defenses to the Post-Judgment Writs of Garnishment served on March 9, 2015 ("Writs"), and (2) demand their costs and expenses, including a reasonable attorney fee, and Garnishment Deposits, and state:

### ANSWER TO WRIT AND DEMAND FOR COSTS AND EXPENSES AND GARNISHMENT DEPOSITS

1. At the time of this Answer, at the time of service of the Writs, or at any time between such times, Nationwide were not indebted to Defendant, Park Avenue at Metrowest, Ltd. ("PAM").

2. Nationwide have no tangible or intangible property or personal property of PAM in their possession or control at the time of this Answer or at the time of service of the Writs, or at any times between such times.

3. Nationwide know of no other person indebted to the PAM or who may have any of the property of PAM in its possession or control.

4. Nationwide have retained the law firm of Berk, Merchant & Sims, PLC to represent them in this matter and request that they be paid their costs and expenses, including a reasonable attorney fee, as allowed by Fla. Stat. § 77.28.

5. Nationwide also request, pursuant to Fla. Stat. § 77.28, that Plaintiff pay the undersigned counsel all applicable $100.00 garnishment deposits for each Writ made by Plaintiff in the above-styled cause and make check payable to Berk, Merchant & Sims, PLC at the undersigned address.

---

Casualty and Insurance Company and Nationwide Mutual Insurance Company, which entities are both represented by the undersigned counsel. This Answer responds to both Writs.

## DEFENSES TO WRIT

Nationwide state the following defenses to the Writs without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff, and reserving the right to amend and/or supplement their response to the Writs, as well as the below avoidances and defenses, as additional information is obtained through any discovery process or otherwise.

### *First Defense*

Nationwide provided general liability coverage for named insured Epoch Properties Inc. ("Epoch") under policy number 77 09 PR 590-327-0001, with effective dates from January 1, 2000 through January 1, 2009. (Hereinafter "Nationwide Policies") To the extent PAM was an insured under the Nationwide Policies, there is no coverage under the Nationwide Policies for any liability of PAM to Plaintiff. As a result Garnishees are not indebted to PAM.

### *Second Defense*

PAM did not commit acts alleged in the Seventh Amended Complaint necessary and sufficient to establish the liability of PAM to Hamptons. Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon the claims alleged in the Seventh Amended Complaint. As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of Garnishment.

### *Third Defense*

The damages claimed by Hamptons, in whole, or, in part, do not constitute "property damage" under the Nationwide Policies. Therefore, Nationwide had no duty to

indemnify PAM for any liability predicated upon those damages.

### *Fourth Defense*

Any liability of PAM to Hamptons is not within coverage under the Nationwide Policies to the extent that the liability was imposed for damages which resulted from an occurrence which did not take place within a period for which there was coverage Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those damages.

### *Fifth Defense*

Any liability of PAM to Hamptons is not within coverage under the Nationwide Policies to the extent that the liability was imposed for damages which did not arise from the operations of Epoch. Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those damages.

### *Sixth Defense*

Any liability of PAM to Hamptons for damage to the real property on which Epoch was directly or indirectly performing operations, and which arose from those operations, is excluded from coverage under the Nationwide Policies.  Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those damages.

### *Seventh Defense*

Any liability of PAM to Hamptons for the particular part of property which needed to be restored repaired or replaced because "your work" was incorrectly performed on it is excluded from coverage under the Nationwide Policies.  Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon the cost of such restoration

repair or replacement.

### Eighth Defense

Any liability of PAM to Hamptons for "Property Damage" to "your work" "arising out of it or any part of it and included in the products completed operations hazard" is excluded from coverage under the Nationwide Policies. Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those damages.

### Ninth Defense

There is no coverage under the Nationwide Policies for any liability imposed on PAM for those causes of action alleged in the Seventh Amended Complaint filed by Hamptons, or identified in the settlement agreement between PAM and Hamptons ("PAM Settlement Agreement"), or in the consent judgment entered against PAM ("Consent Judgment"). Therefore, Nationwide had no duty to indemnify PAM for any liability predicated upon those causes of action.

### Tenth Defense

As Nationwide provided a defense for PAM to the suit brought by Hamptons, the terms of the PAM Settlement Agreement and the resulting Consent Judgment do not establish the liability of PAM to Hamptons for purpose of imposing liability upon Nationwide to PAM under the Nationwide Policies. As a result, Nationwide had no duty to indemnify PAM for any liability incurred by PAM as a result of the PAM Settlement Agreement or the Consent Judgment.

### Eleventh Defense

PAM is precluded from any recovery from Nationwide predicated upon the PAM

Settlement Agreement or resulting Consent Judgment under the "No Action Clause" contained in the Nationwide Policies. As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of Garnishment.

### *Twelfth Defense*

PAM breached the cooperation clause contained in the Nationwide Policies by entering into the PAM Settlement Agreement without the consent of Nationwide. PAM's actions materially prejudiced Nationwide, relieving Nationwide of any obligation to make payment to PAM under the Nationwide Policies. As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of Garnishment.

### *Thirteenth Defense*

The $40,000,000 Consent Judgment agreed to by PAM and Hamptons under the terms of the PAM Settlement Agreement was not reasonable. Nor was it reached in good faith. As a result, the $40,000,000 Consent Judgment does not establish any liability of Nationwide to PAM.

### *Fourteenth Defense*

The PAM Settlement Agreement and the resulting $40,000,000 Consent Judgment fail to apportion the amount of damages attributable to any liability of PAM for which PAM may attempt to seek indemnity from Nationwide, as opposed to any liability for which there is no coverage under the Nationwide Policies, or for the amount of damages for which other parties, and not PAM, are responsible. The failure to have apportioned damages precludes any liability of Nationwide to PAM. As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of

Garnishment.

### *Fifteenth Defense*

Nationwide is not liable to PAM because under the terms of the PAM Settlement Agreement, or otherwise, PAM has not, and cannot become legally obligated to pay any amounts to Hamptons for which it is entitled to indemnity from Nationwide. As a result, Nationwide has no debt to PAM which could properly be the subject of the Writ of Garnishment.

### *Sixteenth Defense*

PAM is not permitted to assert a claim against Nationwide for bad faith unless, or until coverage has been determined. If it were to assert such a claim, it should be abated pending resolution of any coverage issue. As a result, Nationwide can have no debt to PAM predicated upon bad faith which could properly be the subject of the Writ of Garnishment.

### *Seventeenth Defense*

Under the terms of the settlement agreement entered into between Epoch and Hamptons ("Epoch Settlement Agreement") Hamptons is precluded from seeking recovery from Nationwide in relation to the Hamptons.  As a result, the terms of the Epoch Settlement Agreement preclude any recovery against Nationwide.

### *Eighteenth Defense*

Under the doctrine of Judicial Estoppel, PAM, and any assignee of PAM, are precluded from seeking indemnity from Nationwide based upon those causes of action as to which PAM previously moved for, and obtained, an order of dismissal or summary

judgment in its favor.

### Reservation of Rights

Nationwide reserve their right to amend these defenses to the extent allowable under Florida law. Nationwide also reserve their right to seek attorneys' fees, costs, and any other relief this Court deems necessary and just under the circumstances.

Respectfully submitted,

BERK, MERCHANT & SIMS, PLC

/s/Melissa M. Sims
Melissa M. Sims / FBN: 85936
msims@berklawfirm.com
dalvarez@berklawfirm.com
William Xanttopoulos / FBN: 0997668
wxanttopoulos@berklawfirm.com
falvarez@berklawfirm.com
Perdita M. Martin / FBN: 855111
pmartin@berklawfirm.com
Ldellutri@berklawfirm.com
2 Alhambra Plaza
Suite 700
Coral Gables, FL 33134
Tel: (786) 338-2900
Fax:(786) 338-2888
*Counsel for Garnishee, Nationwide*
*Property Casualty Ins. Co. and*
*Nationwide Mutual Ins. Co.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by and to the emails listed below as well as to the ones listed on the Court's e-Portal service list, on this 25th day of March 2015, to:

Jon Marshall Oden, Esq., FBN: 0038172
joden@balljanik.com
Kelly M. Corcoran, Esq., FBN: 55564
kcorcoran@balljanik.com
ddrake@balljanik.com
nanderson@balljanik.com
**BALL JANIK, LLP**
201 E. Pine Street, Suite 825
Orlando, Florida 32801
Tel: (407) 455-5664
Fax: (407) 902-2015
*Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

James C. Prichard, Esq., OSB No.: 99349
jprichard@balljanik.com
Phillip E. Joseph, Esq., OSB No.: 882372
pjoseph@balljanik.com
Jacob A. Zahniser, Esq., OSB No.: 085210
jzahniser@balljanik.com
**BALL JANIK, LLP**, admitted *pro hac vice*
101 SW Main Street, Suite 1100
Portland, OR 97204
Tel: (503) 228-2525
Fax:(503) 295-1058
*Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

Alan B. Garfinkel, Esq., FBN: 813796
agarfinkel@askthefirm.com
Mitchell B. Haller, Esq., FBN: 511961
mhaller@kgblawfirm.com
**KATZMAN GARFINKEL BERGER**
300 North Maitland Avenue
Maitland, Florida 32751-4724
Tel: (407) 539-3900
Fax: (407) 539-0211
*Co-Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

                    */s/Melissa M. Sims*
                    MELISSA M. SIMS

Filing # 26091341 E-Filed 04/14/2015 07:42:40 PM

THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN
AND FOR ORANGE COUNTY,
FLORIDA

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

PARK AVENUE AT METROWEST,
LTD., *et al.*

    Defendants.      /

    And successive actions.      /

Case No.: 48-2008-CA-008235-O
BUSINESS LITIGATION
DIVISION

## PLAINTIFF'S REPLY IN SUPPORT OF GARNISHMENT AGAINST NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COMPANY AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

In reply to Nationwide Property and Casualty Insurance Company and

Nationwide Mutual Insurance Company's (collectively "Nationwide") Answer and

Affirmative Defenses to Post-Judgment Writ of Garnishment ("Nationwide

Answer"), Hamptons at Metrowest Condominium Association, Inc. ("Plaintiff" or

the "Association"), responds as follows:

**1.**

Plaintiff contests and denies all contentions in Nationwide's Answer

indicating that Nationwide does not have property belonging to Defendant Park

1



Avenue at Metrowest, Ltd. ("PAM"). Specifically, Nationwide has insurance policies that provide coverage for PAM's liability.

### 2.

Nationwide is not entitled to attorney fees pursuant to Fla. Stat. §77.28. Florida law does not provide for attorney fees to a garnishee when the garnishee's contest of a garnishment proceeding is for the benefit of the garnishee and not the debtor/defendant.

### 3.

Plaintiff denies and contests Nationwide's Second, Tenth, and Fifteenth Defenses. PAM's liability has been established pursuant to the Consent Final Judgment. Plaintiff asserts Nationwide's insurance policies provide coverage for PAM's liability and Nationwide is liable for the $40,000,000 Judgment against PAM.

### 4.

Plaintiff denies and contest Nationwide's Eleventh and Twelfth Defenses. Nationwide breached the insurance contracts with PAM and therefore the policy provisions referenced are not applicable. PAM did not breach the provisions referenced and PAM was not required to obtain Nationwide's consent to settle. Plaintiff asserts Nationwide's insurance policies provide coverage for PAM's liability and Nationwide is liable for the $40,000,000 Judgment against PAM.

**5..**

Plaintiff denies and contests Nationwide's Seventeenth Defense. Plaintiff's agreement with Epoch Properties, Inc. has no bearing on Nationwide's coverage for PAM's liability.

**6.**

Plaintiff moves to strike Nationwide's Sixteenth Defense as "abatement" is not an affirmative defense.

**7.**

Plaintiff moves to strike Nationwide's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, Fourteenth, Eighteenth, and "Reservation of Rights" Defenses. Florida law requires an affirmative defense to be pled with specificity. Zito v. Washington Federal Savings & Loan Assoc. of Miami Beach, 318 So.2d 175, 176 (Fla. 3d DCA 1975). This is to reasonably inform the adversary and provide them with a fair opportunity to prepare a response. Id. Affirmative defenses which are legally insufficient fail as a matter of law and should be stricken. Valdes v. Lambert, 568 So.2d 117, 118 (Fla. 5th DCA 1990)(affirmed trial court's striking affirmative defense of laches stating, "[t]he defense, as pled, was conclusory and set forth no ultimate facts showing that the plaintiff was barred by laches."); see also Zito, 318 So.2d at 176-77 (certainty is

required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate facts is legally insufficient).

Nationwide fails to allege any ultimate facts establishing the above referenced Defenses. As such, the conclusory statements are insufficient and said Defenses should be stricken.

Alternatively, if the Court denies Plaintiff's motion to strike, Plaintiff asserts the following:

**8.**

Plaintiff denies and contests Nationwide's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eighteenth, and "Reservation of Rights" Defenses. Specifically, Plaintiff asserts Nationwide's insurance policy provides coverage for PAM's liability and no policy exclusions or other policy defenses apply.

**9...**

Plaintiff denies and contests Nationwide's Fifth Defense. PAM's liability arises out of Epoch Properties, Inc.'s operations pursuant to Nationwide's policies and Florida law and is therefore covered by Nationwide's policies.

**10.**

Plaintiff denies and contests Nationwide's Thirteenth and Fourteenth Defenses.

4

## ADDITIONAL ALLEGATIONS IN SUPPORT OF
## WRIT OF GARNISHMENT

Pursuant to Fla. Stat. §77.061, Plaintiff provides the following additional allegations in support of its Writ of Garnishment:

### 11.

Plaintiff is a Florida corporation and has an office for the transaction of its usual and customary business in Orange County, Florida.

### 12.

Nationwide, on information and belief, is an Ohio company. Nationwide is an authorized insurance provider in Florida. As a condition of selling insurance in Florida, Nationwide has submitted to the jurisdiction of Florida courts. Nationwide has appointed the Chief Financial Officer of Florida as its resident agent for the purpose of receiving service of process.

### 13.

Plaintiff filed the present lawsuit against, among others, PAM. PAM was the developer of the Hamptons at Metrowest project located in Orlando, Florida.

### 14.

Nationwide issued an insurance policy (77 09 PR 590-327-0001) for the policy period 1/1/00 to 1/1/09 (the "Policy"). The Policy provides named insured coverage for Epoch Properties, Inc. The Policy specifically names PAM as an insured. According to the terms of the Policy, Nationwide agreed, among other

5

things, to defend its named insureds and insureds against any claim alleging property damage covered by the Policy and to pay those sums that the named insureds and insureds became legally obligated to pay because of property damage.

**15.**

The present lawsuit alleges that PAM's actions and/or omissions resulted in property damage to the Hamptons at Metrowest project. The allegations qualify as an "occurrence" as defined by the Policy. The allegations indicate that property damage occurred during Nationwide's policy period. The allegations triggered Nationwide's duty to defend PAM.

**16..**

Nationwide received timely tender of the claims against PAM. Nationwide accepted the defense only of PAM on February 11, 2011. Nationwide unambiguously informed PAM that Nationwide would not be paying any indemnity on behalf of PAM.

**17.**

Because one or more of PAM's carriers denied coverage, including Nationwide, PAM reasonably resolved its liability by way of a *Coblentz* settlement agreement. According to the terms of the agreement, Plaintiff was entitled to a $40,000,000 consent judgment against PAM. A Consent Final Judgment was entered against PAM and in favor of Plaintiff in the amount of $40,000,000.

**18..**

Based on the allegations in the complaint, the settlement agreement entered

into by PAM, and the facts supporting both, PAM's liability arises out of the

operations of Epoch Properties, Inc. and Nationwide, therefore, has a duty to

indemnify PAM.

**19.**

Pursuant to Fla. Stat. 77.08, Plaintiff requests a jury trial on all issues triable

to a jury.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

**20.**

Plaintiff realleges paragraph 11-19 above.

**21.**

Nationwide breached its contract by refusing to indemnify PAM. PAM has

complied with and satisfied all conditions precedent in the Policy (if any), except

any that were excused, waived, or that do not need to be performed because

Nationwide will not be prejudiced by non-performance.

**22.**

As a result of Nationwide's breach of the duty to indemnify, Plaintiff is

entitled to the total policy limits of the Policy. On information and belief, the

Policy has $11,000,000 in coverage limits.

7

**23.**

Nationwide's breach of contract has compelled Plaintiff to commence these garnishment proceedings and to incur attorney fees in order to obtain the full benefit of the insurance policies. Pursuant to the terms of the settlement agreement, Plaintiff is entitled to its attorney fees pursuant to Fla. Stat. §627.428.

WHEREFORE, Plaintiff prays for judgment against Nationwide Property and Casualty Insurance Company and Nationwide Mutual Insurance Company as follows:

(a)     The total policy limits available under the Policy;

(b)     Plaintiff's attorney fees and costs;

(c)     Any other relief the court deems just and/or equitable.

## SECOND CLAIM FOR RELIEF
### (BAD FAITH)

**24.**

Plaintiff realleges paragraphs 9-23 above.

**25.**

Nationwide committed bad faith and/or breached the duty of good faith and fair dealing by wrongfully denying coverage. Nationwide was obligated to resolve, or attempt to resolve, PAM's liability once liability became reasonably clear. Nationwide attended the mediations in this lawsuit. Nationwide made no effort to resolve the claims against PAM. Nationwide did not offer any funds to settle

8

PAM's liability.  Nationwide refused to litigate the coverage issues before the entry of a $40,000,000 excess judgment was entered against its insured, PAM.

**26.**

Because of Nationwide's bad faith, PAM is exposed to a $40,000,000 excess judgment and suffered consequential damages resulting therefrom. Plaintiff is entitled to recover $40,000,000 on behalf of PAM.

**27.**

Nationwide's bad faith has compelled Plaintiff to commence these garnishment proceedings and to incur attorney fees in order to obtain the full benefit of the insurance policies. Pursuant to the terms of the settlement agreement, Plaintiff is entitled to its attorney fees pursuant to Fla. Stat. §627.428.

WHEREFORE, Plaintiff prays for judgment against Nationwide Property and Casualty Insurance Company and Nationwide Mutual Insurance Company as follows:

(a)   $40,000,000 for PAM's liability;

(b)   Consequential damages and all other damages permissible under law;

(c)   Plaintiff's attorney fees and costs; and

(d)   Any other relief the court deems just and/or equitable.

DATED: April 14, 2015.

BALL JANIK LLP,

By: /s/ Jon Marshall Oden
    Jon Marshal Oden, FBN: 38172
    Kelly M. Corcoran, FBN: 55564
    Ball Janik, LLP
    201 E. Pine Street, Suite 825
    Orlando, FL 32801
    Telephone:  (407) 455-5664
    Facsimile:   (407) 902-2105
    E-mail:       joden@balljanik.com
    E-mail:       kcorcoran@balljanik.com

    Admitted *pro hac vice:*
    James C. Prichard, PHV No. 75597
    Phillip E. Joseph, PHV No. 75599
    101 SW Main Street, Suite 1100
    Portland, OR 97204
    Telephone:   (503) 228-2525
    Facsimile:    (503) 295-1058
    E-Mails:      jprichard@balljanik.com
               pjoseph@balljanik.com

ALAN B. GARFINKEL, P.A., d/b/a KATZMAN
GARFINKEL, P.A.
    Alan B. Garfinkel, FL ID No. 813796
    Mitchell B. Haller, FL ID No. 511961
    5297 West Copans Road
    Margate, FL 33063
    Telephone:   (954) 486-7774
    Facsimile:    (954) 486-7782
    E-mails:       mhaller@kgblawfirm.com
               agarfinkel@askthefirm.com
                lnitsch@kglawfirm.com
efabricant@kgblawfirm.com

*Counsel for* PLAINTIFF HAMPTONS AT
METROWEST CONDOMINIUM
ASSOCIATION, INC.

10

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served upon the ECF

Participants via:

☒    E-mail (to those with email addresses listed below)

☐    Overnight delivery

I further certify that a true copy of the foregoing was provided to the

Non-ECF Participants via:

☒    First Class U.S. Mail

☐    Overnight delivery

all of whom are listed in the Service List below.

DATED: April 14, 2015.

By: /s/ Jon Marshall Oden
     Jon Marshall Oden, FBN: 38172
     Kelly M. Corcoran, FBN: 55564
     Ball Janik, LLP
     201 E. Pine Street, Suite 825
     Orlando, FL 32801
     Telephone: (407) 455-5664
     Facsimile: (407) 902-2105
     E-mail:     joden@balljanik.com
     E-mail:     kcorcoran@balljanik.com

     Admitted *pro hac vice:*
     James C. Prichard, PHV No. 75597
     Phillip E. Joseph, PHV No. 75599
     101 SW Main Street, Suite 1100
     Portland, OR 97204
     Telephone:    (503) 228-2525
     Facsimile:    (503) 295-1058
     E-Mails:     jprichard@balljanik.com
                     pjoseph@balljanik.com

ALAN B. GARFINKEL, P.A., d/b/a KATZMAN
GARFINKEL, P.A.
    Mitchell B. Haller, FL ID No. 511961
    5297 W Copans Road
    Margate, FL 33063
    Telephone:    (954) 486-7774
    Facsimile:    (954) 486-7458
    E-mail:    mhaller@kgblawfirm.com
        lnitsch@kgblawfirm.com
*Counsel for* PLAINTIFF HAMPTONS AT
METROWEST CONDOMINIUM
ASSOCIATION, INC.

## SERVICE LIST

Mitchell B. Haller, Esq.
Alan B. Garfinkel, P.A., d/b/a Katzman
Garfinkel, P.A.
5297 W Copans Rd
Margate, FL 33063-7706
(954) 486-7774
(954) 486-7458 f
mhaller@kgblawfirm.com
lnitsch@kgblawfirm.com

Attorneys for Hamptons at Metrowest
Condominium Association, Inc.; Park
Avenue at Metrowest, Ltd; Epoch
Management, Inc.

Melissa Sims, Esq.
William Zanttopoulos, Esq.
Berk, Merchant & Sims
2 Alhambra Plaza
Suite 700
Coral Gables, FL 33134
(786) 338-2900
(786) 338-2888
msims@berklawfirm.com
wxanttopoulos@berklawfirm.com

Counsel for Nationwide Property Casualty
Ins. Co and Nationwide Mutual Ins. Co.

Maureen G. Pearcy, Esq.
Hinshaw & Culbertson
2525 Ponce de Leon Boulevard, 4th
Floor, Coral Gables, FL 33134
Tel: 305-358-7747
Fax: 305-577-1063
mpearcy@hinshawlaw.com

Attorneys for Great American Insurance
Company

IN THE CIRCUIT COURT OF THE 9TH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

BUSINESS LITIGATION DIVISION

CASE NO.:  48-2008-CA-008235-0

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

     Plaintiff,

v.

PARK AVENUE AT METROWEST,
LTD., et al.,

     Defendants.

_____/

HAMPTONS AT METROWEST
CONDOMINIUM ASSOCIATION, INC.,

     Plaintiff/Garnishor,

v.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
AND NATIONWIDE MUTUAL INSURANCE
COMPANY,

     Garnishees.

_____/

### DEFENDANT NATIONWIDE PROPERTY INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COMPANY'S NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE  TAKE  NOTICE  that  Defendants,  NATIONWIDE  PROPERTY

INSURANCE COMPANY and NATIONWIDE INSURANCE COMPANY'S ("Defendants")

have filed a Notice of Removal in the Office of the Clerk of the United States District

BERK, MERCHANT & SIMS
PLC

2 ALHAMBRA PLAZA, SUITE 700 • CORAL GABLES, FLORIDA 33134 • PHONE: 786.338.2900 • FAX: 786.338.28

EXHIBIT
f

*Hamptons at Metrowest Condo. Assoc., Inc. v. Park Avenue at Metrowest, Ltd., et al.*
*Case No.: 48-2008-CA-008235-O*
*Page 2*

Court for the Middle District of Florida, Orlando Division.   A copy of that Notice of Removal is attached as Exhibit "A".

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446, the filing of the Notice of Removal in the United States District Court for the Middle District of Florida, Orlando Division, together with the filing of that Notice with the Clerk of this Court, effects the removal of the above-styled action to the United States District Court, and this Court may proceed no further unless and until the case is remanded

Respectfully submitted,

BERK, MERCHANT & SIMS, PLC

_____

Melissa M. Sims / FBN: 85936
msims@berklawfirm.com
dalvarez@berklawfirm.com
William Xanttopoulos / FBN: 0997668
wxanttopoulos@berklawfirm.com
falvarez@berklawfirm.com
Perdita M. Martin / FBN: 855111
pmartin@berklawfirm.com
Ldellutri@berklawfirm.com
2 Alhambra Plaza, Suite 700
Coral Gables, FL  33134
Tel: (786) 338-2900/Fax:(786) 338-2888
*Counsel for Garnishee, Nationwide Property Casualty Ins. Co. and Nationwide Mutual Ins. Co.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff, U.S. Mail and e-mail in accordance with the Federal Rules of Civil Procedure on this 11th day of May, 2015 as follows:

*Hamptons at Metrowest Condo. Assoc., Inc. v. Park Avenue at Metrowest, Ltd., et al.*
*Case No.: 48-2008-CA-008235-O*
*Page 3*

Jon Marshall Oden, Esq., FBN: 0038172
joden@balljanik.com
Kelly M. Corcoran, Esq., FBN: 55564
kcorcoran@balljanik.com
ddrake@balljanik.com
nanderson@balljanik.com
**BALL JANIK, LLP**
201 E. Pine Street, Suite 825
Orlando, Florida 32801
Tel: (407) 455-5664/Fax: (407) 902-2015
*Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

James C. Prichard, Esq., OSB No.: 99349
jprichard@balljanik.com
Phillip E. Joseph, Esq., OSB No.: 882372
pjoseph@balljanik.com
Jacob A. Zahniser, Esq., OSB No.: 085210
jzahniser@balljanik.com
**BALL JANIK, LLP**, admitted *pro hac vice*
101 SW Main Street, Suite 1100
Portland, OR 97204
Tel: (503) 228-2525/Fax:(503) 295-1058
*Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

Alan B. Garfinkel, Esq., FBN: 813796
agarfinkel@askthefirm.com
Mitchell B. Haller, Esq., FBN: 511961
mhaller@kgblawfirm.com
**KATZMAN GARFINKEL BERGER**
300 North Maitland Avenue
Maitland, Florida 32751-4724
Tel: (407) 539-3900/Fax: (407) 539-0211
*Co-Counsel for Plaintiff, Hamptons at Metrowest Condominium Association, Inc.*

_____
Melissa M. Sims