# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

**HAMPTONS AT METROWEST**
**CONDOMINIUM ASSOCIATION, INC.,**

**Garnishor,**

-vs-                                                    Case No.  6:15-cv-753-Orl-22DAB

**NATIONWIDE PROPERTY AND**
**CASUALTY INSURANCE COMPANY and**
**NATIONWIDE MUTUAL INSURANCE**
**COMPANY,**

**Garnishees.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO REMAND (Doc. No. 23)** |
| **FILED:** | **June 11, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In a prior Order to show cause (Doc. 19), the Court raised issues regarding whether this post-judgment garnishment proceeding was properly removable.  Garnishees Nationwide Property and Casualty Insurance Company and Nationwide Mutual Insurance Company's (collectively "Nationwide") responded (Doc. 24) and the Garnishor moved to remand.  Garnishees have since responded to the motion (Doc. 23) and the matter has been referred.  For the reasons that follow, the undersigned finds the removal here to be untimely, and therefore **recommends** remand.

*Pertinent History*

Nationwide seeks to remove "garnishment proceeding by Hamptons against Nationwide, pending in the Circuit Court in and for Orange County, Case No.: 48-2008-CA-008235." [1]

According to the papers filed, the Nationwide Garnishees are commercial general liability insurers that issued policies of insurance to an Insured, Epoch Properties, Inc. ("Epoch"), and Park Avenue at Metrowest, LTD. ("PAM") was an additional insured under some of the policies.  In 2008, Plaintiff/Garnishor Hamptons filed suit in the Circuit Court of the Ninth Judicial Circuit in and for Orange County Florida, case number 48-2008-CA-008235-0, styled as *Hamptons at Metrowest Condominium Association, Inc. v. Park Avenue at Metrowest, Ltd. et al.* ("the *Hampton* case") against a number of persons, including Epoch and PAM, alleging several causes of action related to the construction of the Hamptons and conversion of the Hamptons into condominiums.  On February 4, 2015, the Hamptons and PAM entered into a final consent judgment in that long standing state court suit. On February 6, 2015, Hamptons moved the state court in the *Hampton* case for issuance of writs of garnishment against Nationwide (Doc. 1-3) and the state court granted the writ on February 17, 2015 (Doc. 1-4).  Nationwide represents that it was served with the writ on March 9, 2015, and answered it on March 25, 2015, stating, amongst other things, that Nationwide had not been indebted to PAM; nor did Nationwide have any tangible or intangible property of PAM in its possession at any of the relevant times. Nationwide also set forth over a dozen "affirmative defenses" to the Writ of Garnishment (Doc. 2).  On April 14, 2015, Hamptons served its Reply, contesting and denying Nationwide's Answer, moved to strike Nationwide's Affirmative Defenses, and set forth claims for relief against Nationwide predicated upon breach of contract (claiming policy limits of $11,000,000)

---

[1]This is not the only post-judgment garnishment proceeding arising out of this case to be removed to this Court. *See In re: Epoch Properties, Inc. v. Great American Ins. Co.,* Case No. 6:15-cvv-700-41DAB.  The undersigned has issued a similar Report in that case.

and for bad faith (claiming $40,000,000) (Doc. 2).  Nationwide filed the instant Notice of Removal on May 12, 2015 (Doc. 1).

*General Removal Principles*

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  Pertinent here, a district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). [2] Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365,  98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Nationwide contends that this Court has diversity jurisdiction over the garnishment proceedings, pursuant to 28 U.S.C. § 1332(a)(1), as they are Ohio corporations, Hamptons is a Florida corporation, and the amount in controversy exceeds $75,000.00.

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the Act").  In pertinent part, the statute provides:

> 1)The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[2] There is no suggestion that federal question jurisdiction is present.

28 U.S.C. § 1446(b)(1) (2012).

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3) (2012).

Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

*Analysis*

Applied here, Nationwide does not purport to remove the entire state court action. Rather, it contends that the garnishment proceeding is separately and timely removed, *citing Jackson-Platts v. General Elec. Capital Corp.,* 727 F.3d 1127 (11th Cir. 2013), *Webb v. Zurich Ins. Co.,* 200 F.3d 759, 760 (11th Cir. 2000), *Butler v. Polk,* 592 F.2d 1293, 1295-96 (5th Cir. 1979),[3] and *Armstrong Cover Co. v. U.S. Postal Serv.*, 418 F. Supp. 972, 974 (D. Ga. 1976). For reasons set forth in the show cause Order, the Court is not persuaded that this garnishment proceeding is a separate and removable proceeding. However, the Court need not reach that conclusion as, even if this post-judgment

---

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

garnishment proceeding was a separate and independent action capable of being removed, Nationwide has failed to timely do so.

Under Section 1446(b)(1), removal must be made within 30 days after receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The initial pleading here is the writ itself. This is so because, under Florida law, "[t]he writ shall state the amount named in plaintiff's motion" and "[s]ervice of the writ *shall make garnishee liable* for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer." Fla. Stat. §77.04 (2013) and §77.06 (2000) (emphasis added). Despite this plain language, Nationwide contends that the initial pleading for removal purposes was not the writ, because: "While the issuance of the writ of garnishment 'commenced the action' pursuant to 28 U.S.C. § 1446 (c) (1), it did not set forth any claim for relief upon which the action or proceeding against Nationwide is based." (Doc. 26, p. 8). According to Nationwide, Florida's garnishment law provides for an answer to the writ and that answer is deemed true unless the garnishor contests the answer. *See* Fla. Stat. §77.061. Thus, they contend that prior to the assertion of the claim set forth in the reply, they were "mere stakeholders" and removal prior to the reply would have been premature. These contentions are not persuasive.

As noted, under Florida law, the writ itself states the claim and service of the writ makes the garnishee liable to the extent the garnishee owes a debt to defendant or holds the property of defendant. The writ requires that the garnishee serve an answer which states whether the garnishee has property of the defendant under his or her control, or knows of any other person indebted to the defendant. *See* Fla. Stat. § 77.04. Importantly, if a garnishee fails to file an answer, the garnishee is

in default. *See* Fla. Stat. §77.081(1) ("If the garnishee fails to answer as required, a default shall be entered against him or her").[4]  Certainly, there can be no default unless a claim was first asserted.

True, the absence of a reply to a garnishee's answer denying holding any debts or property of defendant may lead to *discharge* of the writ – it does not change the nature of the writ as stating the claim and triggering liability when served. Indeed, Florida statute § 77.061 provides: "On failure of plaintiff to file a reply, the answer shall be taken as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from *further* liability under the writ" (emphasis added). Given this language, Nationwide's reliance on a 1976 case interpreting Georgia law is misplaced.[5]

The writ served here was "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As Nationwide was served with the writ on March 9, 2015, but did not file the Notice of Removal until May 12, 2015, the notice was untimely under 28 U.S.C. §1446. As another judge in this District has noted:

> The Court does not have discretion to extend the thirty-day period mandated by §
> 1446(b)(1).  *See Torres v. AIG Claim Servs., Inc.,* 957 F.Supp. 1271, 1273
> (S.D.Fla.1997) ("The thirty day period is not jurisdictional, but is rather a strictly
> applied rule of procedure that may not be extended by the court."). However, while
> the removal period is mandatory, it may be "waived by the parties by affirmative
> conduct or unequivocal assent." *Liebig v. DeJoy,* 814 F.Supp. 1074, 1076
> (M.D.Fla.1993) (internal citation omitted). In this case, Navarro did not waive the
> mandatory removal period and "absent a finding of waiver or estoppel, federal courts
> rigorously enforce the statute's thirty-day filing requirement." *Harris Corp. v.
> Kollsman, Inc.,* 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000).

---

[4]Of course, the default does not serve to automatically transfer the judgment debt to garnishee.  The judgment creditor must still show that the garnishee is indebted to the judgment debtor (or holds his property).

[5]In *Armstrong Cover Co. v. Whitfield,* 418 F. Supp. 972 (D. Ga. 1976), at issue was whether the United States Postal Service, the employer of the judgment debtor, was a defendant subject to garnishment proceedings and entitled to remove the garnishment action.  Pending before that court was the Postal Service's motion to quash the summons of garnishment, citing, among other grounds, immunity.  *Id.*  The Georgia court remanded the case, finding that, under the facts of that case and Georgia law, the Postal Service was not yet a defendant within the meaning of the removal statute. *Id.* at 974.  Nationwide reasons that it, too, is merely a "stakeholder" until such time as the reply was filed. This conclusion, however, is inconsistent with Florida's statute as explained above,  and is further belied by the answer to the writ filed by Nationwide.  Nationwide raised *eighteen* affirmative defenses, including assertions that there is no coverage under the insurance policies; Nationwide is not bound by the consent judgment; and various other affirmative assertions (Doc. 2). Unlike traditional garnishees such as an employer holding wages or a bank holding the funds of an account holder, Nationwide is not an uninterested stakeholder with no claim to the funds at issue.

*Navarro v. David M. Kravetz Inc.*, No. 8:14–cv–1202–T–33AEP, 2014 WL 2801272, at *1 (M.D. Fla. June 19, 2014) (remanding due to untimely removal).  As the Hamptons has objected to the untimeliness, and as any doubts as to the propriety of removal should be resolved in favor of remand, the motion should be granted and the action remanded as improvidently removed.

*Conclusion*

As the Notice of Removal was filed out of time, it is **respectfully recommended** that the Court **grant** the motion and direct the Clerk to remand the case to the state court and thereafter close the case.

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on July 17, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy